**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-693-GW<br>Bkcy Case No. 8:19-bk-11889-SC | Date | April 20, 2021 |
|---|---|---|---|
| Title | *In Re: Invensure Insurance Brokers, Inc.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:        IN CHAMBERS - FINAL RULING ON BANKRUPTCY APPEAL**

Attached hereto is the Court's Final Ruling. The Court AFFIRMS the bankruptcy court's ruling denying Prince's claim for $245,863.35 in interest.

: 

Initials of Preparer     JG

***In re Invensure Insurance Brokers, Inc.***; Case Nos. 8:20-cv-00560-GW, 8:20-cv-00693-GW
Final Ruling on Appeal

## I.      Background[1]

The question on appeal is when interest began to accrue on a court's award of attorney and expert fees.  In 2015, appellant won a jury verdict against the appellee in state court.  The appellee dutifully paid off the judgment and the appellant filed an acknowledgment of full satisfaction of judgment with the court.  However, that did not end the litigation.  A couple weeks later, the appellant appealed the court's ruling on his request for attorney and expert fees.  The appellate court reversed and remanded.  In 2019, on remand, the trial court awarded appellant attorney fees (which were previously denied) and additional expert fees.  Shortly thereafter, appellee filed for bankruptcy.  At issue here is whether, under California law, interest on this 2019 award began to accrue back in 2015 when the initial judgment was issued.

In this bankruptcy action, appellant filed a claim for $824,710.93 which consisted of: (1) a pre-petition, post-judgment order entered in state court on May 14, 2019 of $578,847.58 for expert and attorney's fees, and 2) post-judgment interest on that order of $245,863.35.[2]  Appellee did not object to the $578,847.58 amount for expert and attorney's fees, but did object to appellant's purported entitlement to post-judgment interest on the fees award starting in 2015 (*i.e.* the $245,863.35 amount).

A.    Factual Background

In 2013, appellant Duncan Prince ("Prince" or "appellant") brought a breach-of-contract lawsuit against appellee Invesure Insurance Brokers, Inc. ("Invensure" or "appellee") in California state court.[3]  Two years later, on February 6, 2015, a judgment was entered in favor of Prince in

---

[1] The following abbreviations are used for the filings: (1) Appellants' Opening Brief ("Prince Br."), ECF No. 10; (2) Appellants' Excerpts of Record ("AER"), ECF Nos. 11-14. (3) Appellee's Opening Brief ("Invensure Br."), ECF No. 17; (4) Appellee's Supplemental Excerpts of Record ("SER"), ECF Nos. 18, 19, 23; (5) Appellants' Reply Brief ("Prince Reply"), ECF No. 20; (6) Appellee's Reply Brief ("Invensure Reply"), ECF No. 22.  Unless otherwise indicated, references to the ECF are to the docket in case No. 8:20-cv-00560-GW.

[2] The $245,863.35 consisted of :(1) $245,861.38 − for 10% interest on the May 14, 2019 award of $575,252.60 for expert and attorney's fees beginning from the February 6, 2015 entry of judgment to the date of the filing of the Bankruptcy on May 16, 2019, and (2) $1.97 for 10% interest on the May 14, 2019 award of $3,595.00 in attorney's fees incurred post-appeal beginning from May 14, 2019 to May 16, 2019.  *See In re Invensure Ins. Brokers, Inc.,* 613 B.R. 554, 556 (2021).

[3] The case, filed in Orange County Superior Court, was *Prince v. Invensure Ins. Brokers, Inc.*, Case No. 30-2013-00638387-CU-BC-CJC.  *See* AER 388.  Invensure cross-complained against Prince and appellant ERM Insurance Brokers, Inc., a competitor to Invensure which was founded by Prince.  Though the appeal was brought

which a jury awarded him about $648,000 in damages.[4]  AER at 146-47.  On February 26, 2015, Prince filed a memorandum of costs which included a request for $134,682.53 in expert witness fees.[5]  AER at 149-52.  On April 28, 2015, the trial court only awarded $5,272.95 in expert fees.[6] AER at 181.  On April 10, 2015, Prince requested about $446,000 in attorney fees.  AER 162-79. On May 20, 2015, the trial court denied the request for attorney fees entirely.  AER at 194. Invensure dutifully paid off the judgment and, on June 2, 2015, Prince filed an acknowledgement of full satisfaction with the court.  AER at 25.  On June 17, 2015, the trial court entered an order on the motion to tax costs and motion for attorney's fees.  AER at 28-29.

On June 18, 2015, Prince filed a notice of appeal as to the ruling on the fees motions.  AER at 31-32.  The appellate court reversed the rulings and remanded.  *See Prince v. Invensure Ins. Brokers, Inc.*, 23 Cal.App.5th 614 (2018).  On remand, Prince filed a motion for reconsideration of the attorney's and expert's fees rulings.  On May 14, 2019, the trial court issued an order awarding $446,000 in attorney fees and the rest of the $135,000 request for expert fees.  AER at 238.  It also awarded an additional $3,595 in attorney fees to compensate Prince for the prosecution of the motion for reconsideration.  *Id.*

B.  The Underlying Bankruptcy Court Decision

Two days later, Invensure filed for bankruptcy.  Prince filed a proof of claim in the bankruptcy proceedings for $825,000.  This included $246,000 in post-judgment interest on the May 14, 2019 award.  AER at 20.  Prince claimed that interest on that award began accruing back on February 6, 2015, when the original judgment was issued, and did not stop accruing until the bankruptcy filing on May 16, 2019.[7]

---

together by Prince and ERM, for convenience the Court refers only to Prince.

[4] The precise amount was $647,706.48.  AER at 146-47.  For ease of reading, the Court uses the rounded number.

[5] The bankruptcy court's ruling refers to $134,682.53 in expert fees.  *See* AER at 388.  The small discrepancy (an additional $364.20) is because the bankruptcy court's number also included ordinary witness fees.  AER at 151.

[6] The bankruptcy court's challenged ruling refers to an award of $5,272.95 in expert fees.  The small discrepancy is because it includes the $364.20 awarded in ordinary witness fees.  AER at 151.

[7] Specifically, Prince calculated that interest began accruing on the May 14, 2019 award of $445,843 and $129,409.58 in attorney and expert fees, respectively, back on February 6, 2015.  At 10% interest per year (the rate set forth by California law) and 1,560 days that elapsed from February 6, 2015 through May 16, 2019, the interest that would have accrued up through Invensure's bankruptcy filing comes out to $245,861.38 ($575,252.58 x 0.1 x 1,560/365).  AER at 20.

Prince calculated that two days' worth of interest accumulated on the award of $3,595, which amounted to $1.97 ($3,595 x 0.1 x 2/365).  Together, the interest award amounted to $245,863.35.

Invensure objected to the $246,000 interest amount in its entirety. It argued, *inter alia*, that − because the 2015 judgment had been fully satisfied shortly after it issued − no further interest could accrue on it and, accordingly, the $246,000 amount should be rejected. The bankruptcy court agreed with Invensure. *See In re Invensure Ins. Brokers, Inc.*, 613 B.R. 554 (2020). In reaching that conclusion, it relied on Cal. Code Civ. Proc. § 685.030(b), which provides that "interest ceases to accrue on the date the judgment is satisfied in full." It held that the plain language of § 685.030(b) meant that "the execution of an acknowledgment of full satisfaction of judgment stopped the accrual of any future interest." AER at 397.

The bankruptcy court went on to address what its analysis would be if there had not been an entry of full satisfaction of the 2015 judgment or if its finding that interest stopped accruing was for some reason reversed. This analysis turned on whether the appellate court's decision constituted a reversal or modification of the trial court's 2015 judgment. *See Chodos v. Borman*, 239 Cal.App.4th 707, 712-13 (2015) ("When a judgment is *modified* upon appeal, whether upward or downward, the new sum draws interest from the date of the entry of the original order. On the other hand, when a judgment is *reversed* on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment."). A modification would mean that the 2019 judgment started accruing interest in 2015. A reversal would mean it started accruing interest on the date it was entered in 2019. The bankruptcy court concluded that the decision on attorney fees was a modification while the decision on expert fees was a reversal. AER at 394. This amounted to $190,624.96 in interest that would be awarded in the event the bankruptcy court's ruling that the entry of satisfaction of judgment stopped interest was overruled.[8]

Prince appealed the bankruptcy court's ruling.

## II.    Appellate Jurisdiction

The Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1) because the bankruptcy court's decision to sustain Invensure's objection to Prince's proof of claim was a final order. *See, e.g.*, *In re Dolch*, Nos. CC-07-1467-KBMd, LA 05-40150-EC, 2008 WL 8448330 (B.A.P. 9th Cir. 2008) (finding the court had appellate jurisdiction under § 158(a)(1) over appeal of bankruptcy court's order sustaining an objection to the appellants' proof of claim).

---

[8] The sum was broken down as: (1) $70.91 for two days' worth of 10% interest on the May 14, 2019 award of expert fees ($129,409.58 x 0.1 x 2/365); (2) $190,552.08 in interest for February 6, 2015 through May 16, 2019 on the award of attorney fees ($445,843 x 0.1 x 1560/365); (3) $1.97 for two days' worth of interest on the May 14, 2019 award of $3,595 ($3,595 x 0.1 x 2/365). AER at 397.

### III.     Legal Standard

A bankruptcy court's conclusions of law are reviewed de novo.  *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 461 (9th Cir.2010).  A bankruptcy court's findings of fact are reviewed for clear error.  *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 705 (9th Cir.2004).

### IV.     Discussion

A.  <u>Whether an Entry of Full Satisfaction Stops Accrual of Interest</u>

Under California law, interest at the rate of 10% per year begins to accrue on pre-judgment attorney fees and costs upon entry of the court's judgment.  *See* Cal. Code Civ. Proc. § 685.010; *see also Lucky United Prop. Inv., Inc. v. Lee*, 185 Cal.App.4th 125, 137-38 (2010) ("Interest at the rate of ten percent per annum accrues on the unpaid principal amount of the judgment (§ 685.010), including the amount of the cost award and attorney fees award (§ 680.300), as of the date of judgment entry (§ 685.020, subd. (a)).").

The calculation of interest is usually straightforward.  "Generally, when a judgment includes an award of costs and fees, the amount of the award is left blank for future determination. After the parties file their motions for costs and any motions to tax costs, the trial court holds a post judgment hearing to determine the merits of the competing contentions.  When the court's subsequent order setting the final amount is filed, the clerk enters the amounts on the judgment *nunc pro tunc*."  *Bankes v. Lucas*, 9 Cal.App.4th 365, 369 (1992).  This case started off on that path.  In its February 6, 2015 judgment, the state court left the amount in fees to be awarded blank.  AER at 147.  Prince then filed a memorandum of costs seeking an award of expert fees and later a motion for attorney fees.  AER at 149, 162.  After those applications were substantially denied, Invensure paid the judgment amount as it was then delineated and Prince filed an acknowledgement of full satisfaction and thereafter filed a notice of appeal.  Four years later, following a reversal by the state appellate court, the trial court ultimately awarded Prince $575,000 in attorney and expert fees.

The bankruptcy court found that this case was not straightforward because, following the trial court's initially denial of attorney and expert fees, Invensure paid Prince the $648,000 damages award and the $4900 expert fee award and, on June 2, 2015, Prince filed with the state court an acknowledgment of full satisfaction of the judgment.  *See* Cal. Code Civ. Proc. § 724.030 ("When a money judgment is satisfied, the judgment creditor immediately shall file with the court

an acknowledgment of satisfaction of judgment."). This acknowledgment was entered just four months after the entry of judgment, and nearly four years before the state court, on remand, awarded Prince an additional $575,000 in attorney and expert fees.

Normally and unless otherwise stated, "interest commences on a money judgment on the date of entry of Judgment." Cal. Code Civ. Proc. § 685.020(a). When a judgment is fully satisfied, interest stops accruing on the judgment. This general rule is set forth in Cal. Code Civ. Proc. § 685.030(b). In a situation such as this one, the code provides that "if a money judgment is satisfied in full other than pursuant to a writ under this title" – *i.e.*, through direct payment from the debtor (as opposed to a writ of execution) – "interest ceases to accrue on the date the judgment is satisfied in full." *Id.* In a case where there are no later changes to the judgment (on appeal or remand), this is an unremarkable, straightforward rule to apply. However, this case is not one of those.

A plain reading of § 685.030(b) would result that all interest on the 2015 judgment stopped accruing back on June 2, 2015 (when Prince filed an acknowledgment of full satisfaction of the judgment with the trial court), and so on that date "the judgment [wa]s satisfied in full" under § 685.030(b). The bankruptcy court adopted this plain reading and concluded that Prince is not entitled – as a part of the 2015 judgment – to interest on the May 2019 fee award.

Prince makes a policy argument: that because judgments are not immutable, it would be unfair to adopt a plain reading of § 685.030(b), which would allow a judgment debtor to unilaterally minimize its interest burden by paying the initial principal (before attorney fees, costs, and other components are added) up front. *See* Prince Br. at 21. The Court agrees that, if Prince's assertion were correct, it would be an unfair result. However, as noted earlier, it is *expected* that a judgment will be modified after it is first issued in order to specify the award (if any) of attorney fees and costs. That is why that amount is usually, as happened here, initially left blank in the judgment. Further modifications beyond this are also common, such as including an award for enforcement costs, *see* Cal. Code Civ. Proc. § 685.080, or any additional amounts that may be awarded on appeal or remand. As Prince notes, it would be a strange result if "[a] judgment debtor faced with a large award of attorney's fees and costs could preclude recovery of interest on those fees by paying the judgment [(not including attorney fees and costs)] in full, even if the attorney's fees and costs were not paid for years after the judgment." Prince Br. at 23.

To avoid this problem, Prince argues that § 685.030(b) should be read as "stand[ing] for the unremarkable proposition that when a judgment is satisfied in full, interest ceases to accrue on

the judgment" – where a judgment is "satisfied in full," *only* when all possible attacks on it (on appeal or in the trial court) have resolved.  But Prince's reading would add needless uncertainty to the process.  Under his definition, a creditor's entry of full satisfaction of judgment would not by itself mean that the judgment has been "satisfied in full" under § 685.030(b) because, as happened here, the creditor could decide later to attack the judgment on appeal.  Nevertheless, according to Prince, this interpretation is faithful to the purpose of post-judgment interest, which "is not a penalty imposed on a judgment debtor for refusing to pay a sum after learning its precise amount, but compensation for the time value of the judgment creditor's money from the date that the creditor is deemed to have the right to it."  *Id.* at 16-17 (citing *Lucky United Prop. Inv. Inc. v. Lee*, 213 Cal.App.4th 635, 658 (2013) (Needham, J., concurring)).

However, the problem Prince describes is not what we face here and the bankruptcy court's holding would not allow a judgment *debtor* to *unilaterally* minimize its interest burden.  This is because the debtor does not file the acknowledgment of satisfaction of judgment with the court. The creditor does.  *See* Cal. Code Civ. Proc. § 724.030 ("When a money judgment is satisfied, the judgment creditor immediately shall file with the court an acknowledgment of satisfaction of judgment.").  Because the creditor must file the acknowledgment, a holding (that the filing of an acknowledgment of *full* satisfaction will normally stop all accrual of further interest) would not "give a judgment debtor the option of terminating future interest by paying a judgment before costs and fees are awarded."  Prince Br. at 23.

A judgment creditor − that believes it is still entitled to some additional money from the debtor, whether a specified amount in the judgment that is unpaid or an unspecified amount to be determined in the future (*e.g.*, on a motion for enforcement costs or on appeal if the creditor believes the trial court's award was incorrect) – can preserve its right to any additional interest accrual by withholding entry of full satisfaction of judgment.[9]  While the California code mandates that "[w]hen a money judgment is satisfied, the judgment creditor *immediately shall file* with the court an acknowledgment of satisfaction of judgment" (*see* Cal. Civ. Code Proc. § 724.030), in practice, creditors in California courts have some flexibility if they dispute the judgment or the amount being paid.  For example, where the parties have disputed the exact post-judgment interest

---

[9] While, as Prince notes, "a judgment creditor cannot refuse a payment made in cash" (which is apparently how Invensure paid Prince, *see* Prince Br. at 22), that same creditor could refuse to file a *full* satisfaction if it believed it was entitled to some further award in regards to the judgment.

amount, plaintiffs have refused to enter a satisfaction of judgment until the matter was resolved.[10]
*See, e.g.*, *Ehret v. Congoleum Corp.*, 87 Cal.App.4th 202, 205 (2001) (plaintiffs "refused to enter
a satisfaction of judgment because, they argued, they were entitled to post-judgment interest from
the date of the original . . . judgment" and on appeal prevailed on the issue); *American Samoa
Gov't v. Facturoy Mut. Ins. Co.*, No. B155996, 2002 WL 3155423 (Cal. Ct. App. Nov. 19, 2002)
("plaintiffs accepted the settlement but refused to enter a satisfaction of judgment because they
wanted postjudgment interest," after which the trial court "then ordered the defendant to pay
postjudgment interest from the judgment on the jury verdict").

Indeed, as observed by the bankruptcy court herein, the form used by Prince in this case to
acknowledge the satisfaction of judgment included an option to indicate only a "partial"
satisfaction of the judgment was being filed.  *See* 613 B.R. at 558, n.4; AER at 25.  However,
Prince did not delineate that limited indication but, rather, "the form was completed so as to
indicate 'full' satisfaction."[11]  *Id.*  Thus, Prince's argument that the requirement of filing a
satisfaction of judgment of might catch some unsuspecting judgment creditors by surprise is
unpersuasive in this case.  No one forced Prince to file a notice of satisfaction of judgment nor did
anyone force him to state that the judgment "**is satisfied in full**."

Moreover, a creditor's failure to appreciate the significance of filing a notice of full
satisfaction by itself is not a reason to deviate from the plain language of § 685.030(b).  Prince
notes that California courts have been more solicitous in preserving the right of judgment creditors
to an appeal, even where there is an acknowledgment of full satisfaction of judgment.  For
example, a creditor's entry of satisfaction of judgment – as compelled by court order – does not
waive the creditor's right to appeal an earlier order.  *See, e.g.*, *Cunningham v. Magidow*, 219
Cal.App.4th 298, 302 (2013).  And generally, an entry of satisfaction of judgment does not bar an
appeal "where the appellant is simply attempting to augment the judgment, and the relief sought
would not jeopardize the amount already collected."  *Heacock v. Ivorette-Texas, Inc.*, 20
Cal.App.4th 1665, 1670 (1993).  According to Prince, courts should be as solicitous of a creditor's
entitlement to post-judgment interest.  However, there are good reasons post-judgment interest

---

[10] This flexibility is limited as the judgment debtor may seek a court order compelling the creditor to enter a
satisfaction of judgment.  *See* Cal. Code Civ. Proc. § 724.050.  But, if the debtor does so, then the matter can be
resolved at that point rather than linger as a trap for the unwary.

[11] Indeed, Prince placed "**Xs**" indicating not only that he was acknowledging "full satisfaction" but also that
the "Judgment is satisfied in full."  AER at 25.

would be treated differently than the right to an appeal.  For one, the latter is a more fundamental right and so should not be as easily abridged.  Second, there is no statute analogous to § 685.030(b) that states to the effect that "the judgment creditor's right to an appeal is waived when the judgment is satisfied in full."

For all these reasons, the Court finds that the bankruptcy court correctly applied California law in ruling that the entry of a satisfaction of the judgment in full stopped all accrual of further interest in this case.  The Court's ruling is limited to the situation presented here, where the record did not show that the creditor was compelled (by court order or something else) to enter a full satisfaction of judgment.  In this case, the termination of all further interest on the judgment better serves, in the Court's view, the principle that "a satisfaction of judgment is the last act and end of the proceedings."  *Brochier v. Brochier*, 17 Cal.2d 822, 825 (1941).  Accordingly, the Court affirms the bankruptcy court's order sustaining Invesure's objection to the claim for $245,863.35 in interest.[12]

B.  Whether Prince's Proof of Claim Should Be Disallowed Entirely

Invensure argues that not only should the $245,863.35 in interest be disallowed, but that the underlying 2019 award of attorney and expert fees should be thrown out as well because the February 6, 2015 judgment was never amended to incorporate it.  Invensure Br. at 33.

The parties dispute whether Invensure properly presented this argument to the bankruptcy court.  In its objection filing, Invensure stated that "[t]he Debtor does not object to the $578,848 in fees awarded pursuant to the Superior Court's May 14, 2019 Order."  AER at 9.  However, in its later briefing on the objection, Invensure did argue that the 2019 award should be disallowed. *See* AER at 91 ("To the extent Prince persists in arguing that [the] recent 2019 fee award must be incorporated into the 2015 judgment . . . , the entirety of Prince's Proof of Claim must be disallowed, because the 2015 Judgment does not contain the 2019 fees award.").  While Invesure raised that contention in its briefing, the bankruptcy court made clear that it did not consider the argument in ruling on the objection.  *See* AER at 386-87 ("Debtor does not object to the May 14, 2019 post-judgment order of $578,847.58 for expert and attorney's fees, but objects to Claimants' purported entitlement to post-judgment interest of $245,863.35.").

---

[12] Because the Court resolves the appeals on the basis of the entry of a full satisfaction of the judgment, it does not rule upon the bankruptcy court's further discussion of whether the accrual of interest would depend on whether the decision of the state appellate court was a "reversal" or "modification" of the state court judgment.  *See* 613 B.R. at 559-63.

Because the bankruptcy court clearly did not consider this argument, the Court will not entertain it here either.  Though it notes that if it did, it would reject Invensure's argument.  Invensure filed for bankruptcy just two days after the May 14, 2019 order awarding Prince attorney and expert fees.  According to Invensure, because Prince failed to get the 2015 judgment amended to incorporate the award in that narrow two-day window, Prince forfeited his right to bring a proof of claim to it in the bankruptcy proceedings.   This is a rather drastic measure.  Invensure has not cited any authorities that barred a proof of claim in a bankruptcy proceeding because an otherwise valid court order award for a creditor was not formally incorporated into a judgment.  The only case Invensure cites simply held that a request for attorney fees that was untimely per a California statute was waived.  *See* Invensure Br. at 35 (citing *Bankes v. Lucas*, 9 Cal.App.4th 365 (1992)); Invensure Reply at 13-14 (same).

## V.   Conclusion

Based on the foregoing discussion, the Court **AFFIRMS** the bankruptcy court's ruling denying Prince's claim for $245,863.35 in interest.